[No. 9041.  Department Two. — February 12, 1886.]

IN THE MATTER OF THE ESTATE OF MARY A. MC-
CABE, DECEASED.  JAMES HENRY ET AL., APPEL-
LANTS, *v.* P. T. McCABE, RESPONDENT.

WILL — EXECUTION — LEGISLATURE MAY PRESCRIBE FORM OF. — The legis-
lature has power to prescribe the formalities to be observed in the execu-
tion of a will; and by so doing, it does not interfere with the natural right
of an individual to dispose of his property as he sees fit.

APPEAL from an order of the Superior Court of Santa
Clara County refusing to admit a will to probate, and
from an order refusing a new trial.

The facts are stated in the opinion of Mr. Justice
Myrick.

*Burt & Pfister,* for Appellants.

*Luis Arquez,* for Respondent.

MYRICK, J. — The paper offered for probate as a will
was written by a scribe under the direction of the de-
ceased; the paper was signed by the deceased, and at her
request and in her presence the scribe signed it as a
witness; no other person was present at the time of this
signing, and the name of no other person as a witness
was at any time written.  The paper, so far as the signa-
tures of the deceased and the one witnesses were con-
cerned, was properly executed.

Section 1276, Civil Code, declares that "every will, other
than a nuncupative will, must be in writing, and every
will, other than an olographic will and a nuncupative
will, must be executed and attested as follows: . . . . 4.
There must be two attesting witnesses, each of whom
must sign his name as a witness, at the end of the will,
at the testator's request and in his presence."

The point presented by the appellants on this appeal
is in substance this: As it is manifest the deceased in-

tended to dispose of her property by will, and as she had the natural right of ownership and of disposition (as well by deed as by testament), the legislature could not interfere with or direct the mode of the exercise of the right of disposition; that if it be manifest the paper was intended by her to be a will, and expresses her wishes as to the disposition of her property, it must be recognized as her will, even though it fails to have been executed in the mode prescribed by the statute. We quote the language of counsel for appellants, so that the point may be presented clearly in his own words: "Is the right to dispose of one's own property, either by conveyance *inter vivos* or by devise, a natural and fundamental right, existing independently of statute, and cherished as a part of the liberties of the citizen? or is it a mere evanescent vapor springing from the breath of a captious legislature."

We had supposed the point presented had been disposed of by a long line of decisions and the unbroken usage of the profession. In order to be sure whether or not this supposition was well founded, we have carefully examined and considered the brief presented on behalf of the appellants. We are of opinion that at this day it is not an open question that the legislature may prescribe the formalities to be observed in the execution of a testament; and by so doing, it does not interfere with the right, from whatever source it may come, of disposing of property by will.

It is very doubtful, from the evidence, if the deceased intended the paper to be a will or anything other than a basis of a paper to be thereafter properly executed; for the witness testified: "Mrs. McCabe said to me at the time I drew this paper that she wanted to take it to the attorney to have it embodied in a regular legal form of a will,—to have it drawn legally." The court found, however, that the deceased published the same as her will; and that finding is not now for review.

The court was correct in refusing to admit the paper to probate as the will of the deceased. There is no error in the rulings of the court as to the admissibility of evidence.

The orders appealed from are affirmed.

SHARPSTEIN, J., concurred.

THORNTON, J., concurring.—I concur. The statute of wills takes away no natural right to dispose of property by will, but regulates it and conserves it by reasonable formalities. The right to convey property *inter vivos* is also regulated. It must be done by an instrument in writing executed by the grantor. Does this latter take away any natural right? I cannot see that it does. The contention of appellant's counsel is untenable.