## In the Matter of Proving the Last Will and Testament of Edwin B. Hunt, Deceased.

No particular form of words is required to effect publication of a will; a substantial compliance with the requirements of the statute as to execution and attestation is sufficient.

It is a substantial compliance if, in some way or mode, the testator indicates that the instrument the witnesses are requested to subscribe, as such, is intended and understood by him to be his executed will.

An instrument offered for probate as the will of H. was wholly in his handwriting, as was the attestation clause. This was as follows: "We, the undersigned witnesses, have signed the within in the presence of each other and of the testator, who acknowledged it to be his last will and testament." It appeared that the will was signed by the testator and the attestation clause by the witnesses. The recollection of the two witnesses as to the transaction was imperfect, but each testified that the circumstances must have been as stated in the attestation clause. *Held,* that a substantial compliance with the statutory provisions was shown; and, in the absence of any charge or of any circumstances indicative of fraud or undue influence, a refusal to admit the will to probate was error. *Lewis* v. *Lewis* (11 N. Y. 220) distinguished.

Also, *held,* that, as upon the hearing before the surrogate there was no conflict in the evidence, the provision of the Code of Civil Procedure (§ 2588), declaring that when the reversal of a surrogate's decree made upon petition to admit a will to probate is founded upon a question of fact, the appellate court must "make an order directing the trial by a jury of the material questions of fact arising upon the issues between the parties," did not apply; and that it was proper for the Supreme Court, on reversal of the surrogate's decree, to direct the surrogate to admit the will to probate; and this, although the order states that the reversal was upon questions of fact as well as of law; that said statutory provision applies only where there is a real conflict in the evidence, not where the Surrogate's Court and the Supreme Court simply differ in their conclusions from undisputed facts.

(Argued June 8, 1888; decided October 2, 1888.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 27, 1886, which reversed a decree of the surrogate of Rockland county, refusing probate to an instrument purporting to be the last will and testament of Edwin B. Hunt, deceased, and directed the surrogate to admit

said will to probate. The order of reversal stated that it was made "on questions of fact as well as questions of law." (Reported below, 42 Hun, 434.)

The material facts are stated in the opinion.

*James Armstrong* for appellants. The General Term having reversed the decree of the Surrogate's Court on the facts as well as the law, the only order it could properly make was to award a jury trial of the material questions of fact arising upon the issues between the parties. (Code of Civ. Pro. § 2588; *Sutton* v. *Ray*, 72 N. Y. 482, 484; *Marvin* v. *Marvin*, 3 Abb. Ct. App. Dec. 195.) The proof, if any, by the attestation clause is narrowed down to only two of the requirements of the statutes, viz., acknowledgment of the signature; declaration of the will. If it proves the one, it cannot prove the other. They are separate and distinct requirements, and are each provided for and distinguished separately by the statute. (*Lewis* v. *Lewis*, 11 N. Y. 220; *Mitchell* v. *Mitchell*, 16 Hun, 97; affirmed, 77 N. Y. 596; *Wooley* v. *Wooley*, 95 id. 231.) A party seeking to establish a will must prove that all the requirements of the statute have been substantially complied with. (*Lewis* v. *Lewis*, 11 N. Y. 220–228; *Mitchell* v. *Mitchell*, 16 Hun, 97; affirmed, 77 N. Y. 596; *Wooley* v. *Wooley*, 95 id. 231.)

*Walter Farrington* for respondent. The object of the statutory requirement of certain formalities in the execution of wills, is to prevent fraudulent testamentary dispositions of property as well as deception in the execution of such instruments. (*Lane* v. *Lane*, 95 N.Y. 498; *Trustees of Auburn Seminary* v. *Calhoun*, 25 id. 422.) The circumstances and appearance of the paper itself (the genuineness of the signatures being conceded), establish a constructive publication and request to the witnesses to sign by the testator. (*Lane* v. *Lane*, 95 N. Y. 494; *In re Kellum*, 52 id. 517; *Coffin* v. *Coffin*, 23 id. 9; *Peck* v. *Cary*, 27 id. 9; *Smith* v. *Smith*, 40 Hun. 318; *Hutchings* v. *Cochrane*, 2 Brad. 295; *Orser* v. *Orser*, 24 N. Y. 51; *Rugg* v. *Rugg*, 83 id. 592.) There was sufficient proof of the

acknowledgment of the will by the testator. (*Coffin* v. *Coffin*, 23 N. Y. 9; *In re Will of Higgins*, 94 id. 554, 557; *Lewis* v. *Lewis*, 11 id. 220; *Woolley* v. *Woolley*, 95 id. 231.) A will may be admitted to probate by proving the signatures to the will and the attestation clause when corroborated by circumstances surrounding the execution of the instrument, even against the positive evidence of the attesting witnesses to the contrary. (Code of Civ. Pro. § 2620; *In re Will of Cottrell*, 95 N. Y. 329; *In re Lapham*, 37 Hun, 15, 16; *Lane* v. *Lane*, 95 N. Y. 494; *Hutchings* v. *Cochrane*, 2 Brad. 295; *Baskin* v. *Baskin*, 36 N. Y. 416; *In re Phillips*, 98 id. 267.) The General Term was right, on reversing the decree of the Surrogate's Court, to order the will admitted to probate. (Code, §§ 2586, 2587; *Dack* v. *Dack*, 84 N. Y. 663; *Thompson* v. *Stevens*, 62 id. 634.)

GRAY, J. Probate of the will of the deceased was refused and the will rejected by the surrogate; for the reason that it was not executed and attested in the manner prescribed by law for the execution and attestation of last wills and testaments. His decree was reversed by the General Term, and the order of reversal directs the surrogate to admit the will to probate. As it is stated in the body of the judgment appealed from to this court that the reversal was upon questions of fact as well as questions of law, we are called upon to examine the facts and to determine them for ourselves. They are few and not conflicting, and establish that the instrument offered for probate as the will of the deceased was wholly in his handwriting, as was also the attestation clause which was signed by the witnesses, and that the will was signed by the deceased.

The attestation clause was as follows: "We, the undersigned witnesses, have signed the within in the presence of each other and of the testator, who acknowledged it to be his last will and testament." It is insisted that there is no proof that the subscription to the will by the testator was made in the presence of the witnesses, or that it was acknowledged by him to have been made, to each of the attesting witnesses. The recollection

of the two witnesses as to the transaction was imperfect; but each testified, however, in substance, that the circumstances must have been as stated in the attestation clause, or he would not have signed it.

It is not pretended that there is any ground for rejecting the will, except that it was not executed in exact compliance with the statutory provisions referred to. The statute has surrounded the execution of wills with certain formalities, in order to prevent imposition, undue influence and fraud; but it is well settled by authority that a substantial compliance with the statute is always sufficient. No particular form of words is required or necessary to effect publication. (*Lane* v. *Lane*, 95 N. Y. 494) And recently in the *Matter of Beckett* (103 N. Y. 167), a case of a holograph will, so close and severe a criticism of the terms and manner of publication was considered needless. We have here a testamentary disposition of the estate, which the witnesses recognized to be in the handwriting of deceased, signed unquestionably by him, and an attestation clause, also in the handwriting of deceased, signed by them, which states it was signed by them in the presence of each other and of the testator, and that the testator acknowledged the instrument to be his last will and testament.

The only supposed doubt as to the matter is cast by the inability of the witnesses to recollect precisely what took place, in detail. We think that it is a sufficient compliance with the statutory requirements if, in some way or mode, the testator indicates that the instrument the witnesses are requested to subscribe as such, is intended and understood by him to be his executed will. In probate cases the courts look to the substance of the transaction and see that there was no opportunity for imposition or fraud.

This will must have been presented to the witnesses by the testator for them to sign, and such an act was equivalent to a communication by him that he intended to give effect to the paper as his will. If the paper was signed in the presence of the witnesses, that act was a sufficient compliance with the

statute as to acknowledgment of the subscription. If signed before being presented to them, the exhibition of the paper, with his acknowledgment that it was his last will and testament, was a sufficient acknowledgment of the signature and a publication of the will within the rule laid down by this court in *Matter of Phillips* (98 N. Y. 267).

In the case of *Lewis* v. *Lewis* (11 N. Y. 220), cited by the surrogate, it appeared affirmatively by the witnesses that the paper was so folded that they did not see any subscription, and that testator only said: "I declare the within to be my free will and deed." Such affirmative proof of what took place brought the case clearly within the operation of the statute and invalidated the will. In that same case, however, ALLEN, J., said: "Mere want of recollection on the part of the witnesses will not invalidate the instrument, and, in the cases cited by counsel, the courts establishing the wills propounded have done so upon the ground that they were satisfied from the circumstances proved that the wills were duly executed and that the witnesses had forgotten, thus relieving the parties interested against the infirmities of humanity and the uncertainty of human recollection."

The attestation clause here is entirely consistent with the execution of the paper by testator in the presence of the witnesses; and nothing in the circumstances of this case pointing to any fraud or undue influence, and none being charged, we think the presumption should prevail that all formalities have been observed; and we, therefore, are disposed to sustain, rather than to reject this testament; for we feel satisfied that it was duly executed and published.

The appellant further insists that the General Term, upon reversing the decree of the surrogate, should have ordered a jury trial of the material questions of fact arising upon the issues, and cites section 2588 of the Code of Civil Procedure in support of his point. That section provides that " where the reversal of a decree by the appellate court is founded upon a question of fact, the appellate court must, if the appeal was taken from a decree made upon a petition

to admit a will to probate, or to revoke the probate of a will, make an order directing the trial, by a jury, of the material questions of fact arising upon the issues between the parties." We do not think that provision applies to this case, and it was proper for the Supreme Court to adjudge as it did. Although the judgment, as amended, stated that the decree of the surrogate was reversed by the General Term upon questions of fact, as well as questions of law, we cannot regard that as controlling on the point raised. We do not find that the reversal was dependent upon conflicting evidence. There was no conflict of facts at all. The only evidence was given by the two witnesses to the will. There was no difference between the surrogate and the General Term of the Supreme Court as to any question of fact, and there could be no issue for a jury. The two courts only differed in the conclusion to be drawn from the facts, and that presents simply a question of law.

For equivalent reasons, this court, in *Matter of Will of Martin* (98 N. Y. 193), a case probably overlooked by counsel, held, that " the appeal to the Supreme Court was not governed by section 2588, or by *Sutton* v. *Ray* (72 N. Y. 482)," on which the appellant also relies in this case. It was there said, that " they only applied when the reversal is founded upon a question of fact." We think the statute should receive a reasonable construction, and that literal obedience is not to be given to its language, where it would work an unreasonable, if not absurd result. The language in this section requires an order for a jury trial only where the reversal " is founded upon a question of fact," and the legislature undoubtedly intended that only where such was actually the case, and there was a real conflict of evidence, and the Surrogate's Court and the Supreme Court differed on the case, should the conflict be settled by a jury trial in the mode prescribed. But that a new trial before a jury should be deemed necessary, when there is no conflict in the facts, and the matter is one of the conclusions from the facts, is not a construction reconcilable with reason, and we should refuse our sanction to such a construction.

The insertion in the decree of the statement as to the grounds of the reversal, I think, we are not bound to take in the sense given to it by the appellant, but should regard it simply as the warrant, under section 1338 of the Code, for our examination of the facts of the case.

The judgment appealed from was proper and should be affirmed, with costs.

All concur.

Judgment affirmed.