In the Matter of the Probate of the Last Will and Testament of SAMUEL WILCOX, Deceased.

*Court of Appeals, March 1, 1892.*

1. *Appeal.  Surrogate.*—Where, upon the probate of a will, there is but one fair and legitimate inference to be drawn from the evidence, and that in favor of the proof of due execution, the decree of the surrogate, refusing admission to probate, is properly reversed by the general term.

2. *Same.*—Where another issue was properly made before the surrogate, upon which, in view of the decision in their favor, the contestants were not called upon to give evidence, the general term, upon such reversal, should remit the proceedings to the surrogate for the trial of such issue, and not direct that the will be admitted to probate, though the reversal was not dependent upon conflicting evidence.

3. *Same.*—Nothwitstanding the statement in the judgment of reversal that the decree of the surrogate was reversed upon questions of fact, the court of appeals, where it appears that all the evidence is returned, can examine the case and see if there was any real conflict of evidence.

Appeal from judgment of the supreme court, general term, fifth department, reversing decree of surrogate denying probate of the will of Samuel Wilcox, deceased.

*C. D. Kiehl*, for appellant.

*Walter S. Hubbell* and *Eugene Van Voorhis*, for respondent.

PECKHAM, J.—Proceedings were commenced before the surrogate of Monroe county for the purpose of proving a certain instrument in writing to be the last will and testament of Samuel Wilcox, deceased.

Citations were duly issued, and some of the next of kin appeared and opposed the probate of the instrument on the ground that it had not been duly executed, and that it was not the free and unrestrained will of the testator, and that, as the instrument was presented for probate, it was different from, and not the same paper executed by the testator, and that it had been wilfully and intentionally changed and altered in material parts by parties in interest since the death of the decedent. Upon these issues the parties went to trial before the surrogate. The proponents examined the subscribing witnesses to the will, and they were cross-examined at some length, and both examinations were confined to the sole question of the due execution of the instrument. Upon the conclusion of the examination and cross-examination of the subscribing witnesses the proponents offered the instrument in evidence, and, upon the objection of the contestants that the same had not been sufficiently proved, the surrogate refused to admit it to probate, and held that there was a failure of proof as to its due execution. Probate was refused on that ground alone.

The contestants offered no proof in the case. No one but the subscribing witnesses had been examined. A decree was thereupon duly entered refusing probate, and from such decree the proponents appealed to the general term of the supreme court. That court held that the evidence of the

subscribing witnesses sufficiently proved the due execution of the will, and thereupon it reversed the decree of the surrogate and directed that the will should be admitted to probate. From the judgment entered upon this order of the general term the next of kin have appealed to this court.

The judgment of the general term recites that the decree of the surrogate was reversed upon the facts, and the findings of the surrogate were therein disapproved. As there was in the record nothing but the evidence of the two subscribing witnesses, and neither in any way contradicted the other, and it was simply a question as to what inferences should be drawn from testimony not conflicting, but which did not, in exact words, prove the due execution and publication of the instrument, the case seems to be within our decision in the Matter of Hunt, 110 N. Y. 278; 18 St. Rep. 118.

In that case the only testimony was that of the subscribing witnesses, such testimony not being contradictory, yet not proving in exact language the existence of the necessary facts. The surrogate held the testimony not sufficient, while the general term was of a contrary opinion and reversed his decree, and directed him to admit the will to probate. The judgment of the general term in that case contained the same statement as in this, viz.: that the decree of the surrogate was reversed upon questions of fact. We held that notwithstanding such statement, where it appeared that all the evidence was returned, we could look at the case and see if there were any real conflict, and if not, the general term, in reversing the surrogate, had the power to itself decree the admission of the will to probate where it simply differed with the surrogate in regard to the proper inferences to be drawn from evidence not conflicting. A question of fact might possibly arise upon evidence not conflicting in terms, where inferences might be drawn either way, and where a decision either way would not be considered as against evidence. But here it does not seem to us that

there is but one fair and legitimate inference properly to be drawn, and that one in favor of the proof of due execution.

In the proceeding now before us there is, however, another issue which was properly made before the surrogate, and that was as to the alleged alteration of the instrument after its execution by the testator. That issue has never been tried. No evidence was given upon it before the surrogate. There was no occasion to do so. The surrogate upon the conclusion of the evidence offered on the part of the proponents upon the question of the due execution of the will, held that its proper execution had not been proved, and upon that ground refused to admit it to probate. There was, therefore, no necessity for the contestants, in view of a decision in their favor, to ask to be permitted to give evidence upon another issue. Probate of the will had been refused, and that was all that the contestants asked or desired. The general term, upon reversing the surrogate's decree, should, therefore, have remitted the proceedings to him for the trial of the issue as to the alteration of the proposed will after its execution.

In the case of Dack *v.* Dack, 84 N. Y. 663, the general term made a decree similar to the one made here, and this court held that it should have remitted the case to the surrogate to be heard upon the question not theretofore passed upon by him. There is nothing in the Code that we have been referred to which changes the rule thus laid down in the case of Dack *v.* Dack, and we think the judgment of the general term should be modified by providing for sending the case back to the surrogate of Monroe county to try the issue as to the alteration as set up in the contestants' grounds of contest. The costs should abide the final result in the surrogate's court and be provided for as he may think proper.

All concur.

---

NOTE.

As to the general term directing a new trial before a jury, upon reversing, upon the facts, a decree of the surrogate on probate of a will, see Mat-