## In re TYLER'S ESTATE.*

### Sac. No. 304; November 4, 1897.

#### 50 Pac. 927.

**Wills—Attestation of Witnesses—Presumptions.**—Where a will on its face does not show that the testatrix subscribed it in the presence of one of the witnesses, or acknowledged to him that she signed it, or declared it to be her will, or that said witness signed it at her request, or in her presence, the law will not presume that all of such acts, being statutory requirements, have been done.

APPEAL from Superior Court, Sacramento County; Matt F. Johnson, Judge.

In the matter of the estate of Anna Tyler, deceased. From an order sustaining a second will, an appeal is taken. Reversed.

F. D. Ryan and James B. Devine for appellant; C. W. Baker and Albert M. Johnson for respondent.

---

*Rehearing denied.

CHIPMAN, C.—The only question presented here is as to which of certain two wills of decedent should be admitted to probate. Both are conceded to have been executed by the deceased in her lifetime. One is olographic, and is dated June 21, 1882. The other bears no date, but is witnessed, and was found by the court to have been executed in the summer of 1883, and was also found to have been the last will of the said Anna Tyler, and entitled to probate. It is not disputed by any of the contesting parties that the testatrix intended to give all her property to respondent. The sole contention is that the second will was not subscribed by the testatrix in the presence of the attesting witness or acknowledged by her to them to have been made by her; that she did not declare to them that it was her will; that she did not request the witness Berger (one of the attesting witnesses) to sign his name as a witness to the will—all of which requirements it is claimed are imperative to entitle the second will to probate: Citing Civ. Code, sec. 1276; In re Cartery's Estate, 56 Cal. 472; In re McCabe's Estate, 68 Cal. 519, 9 Pac. 554; In re Walker's Estate, 110 Cal. 387, 52 Am. St. Rep. 104, 30 L. R. A. 460, 42 Pac. 815. The attesting clause of the will reads as follows:

"In witness whereof I have hereunto set my hand and seal in the presence of John Heard and ———, who I request to sign their names hereto as subscribing witnesses.

             "[Signed]   ANNA FOSTER.   [Seal.]
             "[Signed]   JOHN HEARD.
                 "FRED B. BERGER."

It appeared from the evidence, without conflict, that the signatures of the witnesses, Heard and Berger, were genuine, as was that of the testatrix; that Heard was a lawyer, and prepared the will, and was present at its execution, at the home of the testatrix; that Heard afterward died; that Berger signed his name at the home of the testatrix, and while she was in the room; that the only persons present were the testatrix and her then husband, now deceased, the two witnesses, and the devisee, respondent, then a child of eight years, who testified that she had no recollection of the circumstances attending the making of this second will. It was said by this court in Re Walker's Estate, 110 Cal. 387, 52 Am. St. Rep. 104, 30 L. R. A. 460, 42 Pac. 815: "When a will is proved, every exertion of the court is directed to giving effect

to the wishes of the testator therein expressed, but in the proving of the instrument the sole consideration before the court is whether or not the legislative mandates have been complied with." There is here no question as to the wishes of the testatrix, for they were plainly expressed. We have only to inquire whether the "prerequisites to the exercise of the testamentary right in this state" were complied with. In the case before us we have the names of the witnesses and the testatrix subscribed and signed, but the usual certificate of the witnesses that the will was signed by the testatrix in their presence or acknowledged to have been signed by her, and that she declared it to be her will, and that they signed as witnesses at her request and in her presence, is wanting. The final clause of the will purports to state that she subscribed the will in the presence of John Heard, whom she requested to sign his name as witness, and he did so sign apparently. If this, standing alone, can be taken as a declaration that the will was hers, and if, as the evidence seems to show, he witnessed it in her presence, it would still be necessary to show that the witness Berger also signed at her request and in her presence, and that she declared in his hearing that it was her will. The opinion of the learned judge who tried the case is given in the brief of counsel for respondent. We quote: "In this matter this case is in this condition: We have a will that upon its face bears the marks of a perfect execution; all the signatures genuine; the testatrix of a proper age; of a sound and disposing mind; not under duress; all of the parties who were of age sufficient to remember dead, except one, he one of the subscribing witnesses, and his mind a blank as to all the matters respecting its execution. . . . . If there was a proper clause of attestation to the will there would be no doubt, for our own supreme court, as well as other states, have settled the question: In re Gharky's Estate, 57 Cal. 280; In re Hunt's Will, 110 N. Y. 278, 18 N. E. 106. It remains to be seen what the presumption is where there is no attesting clause, as is the case here." The court below manifestly rejected the evidence of Berger in toto as to what occurred when he signed the will as a witness, and decided the matter, so far as Berger was concerned in it, upon the law of presumptions. After a careful reading of

the evidence of this witness we quite agree with the learned judge that we must look alone to the written instrument.

Looking, then, at the attestation alone, such as it was, there is nothing in it to show that, as to the witness Berger, the testatrix subscribed it in his presence, or acknowledged to him that she signed it; nothing to show that at the time of subscribing or acknowledging the will she declared the instrument to be her will; nothing to show that Berger signed the will at the testatrix's request or in her presence. All these positive statutory requirements we are asked to make subordinate to the law of presumptions. It was said in Re Walker, supra: "The legislative mandates are supreme, and there is no right to make testamentary disposition except upon compliance with those mandates." It seems to us perfectly obvious that the attestation is wanting in so many vital particulars that to allow it to pass as sufficient, by indulging presumptions, would be going to a greater extreme than has ever been done in any case we have found or which has been cited, and, furthermore, would practically nullify the statute. It is to be regretted that the sole surviving witness was unable to recall the facts of the attestation, as it is also to be regretted that the lawyer called in did not see to having a formal attestation written out and signed by the witnesses, setting forth the acts required by the statute to be done, in which latter case the law of presumptions might have been invoked to some purpose; but as the matter stands, we must hold that the will in question was not sufficiently attested or witnessed and declared, and no presumption of law can now be resorted to in order to supply the statutory requirements wherein the evidence fails. The judgment and order should be reversed.

We concur: Haynes, C.; Britt, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are reversed.