[L. A. No. 6418. In Bank.—August 12, 1920.]

## In the Matter of the Estate of HARRIET S. ABBEY, Deceased.

[1] ESTATES OF DECEASED PERSONS—EXECUTION OF WILL—ACKNOWLEDGMENT OF SIGNATURE TO SUBSCRIBING WITNESSES.—A will not signed by the testatrix in the presence of either of the subscribing

1. Attestation and subscription of wills generally, note, 114 Am. St. Rep. 209.

Necessity that witness to will see testator sign, or that they see his signature, notes, 38 L. R. A. (N. S.) 161; L. R. A. 1915B, 87.

witnesses is sufficiently executed where she declared to them that the instrument was her will and requested that they sign as subscribing witnesses, since such request was in effect an acknowledgment of her signature to them, for only by signing the will in their presence, or by acknowledging the same in their presence, could they become subscribing witnesses.

APPEAL from an order of the Superior Court of Los Angeles County revoking the probate of a will. Lewis R. Works, Judge. Reversed.

The facts are stated in the opinion of the court.

A. L. Abrahams and P. B. D'Orr for Appellants.

Bicksler, Smith & Parke for Respondents.

WILBUR, J.—This is an appeal from an order revoking the probate of the will of Harriet S. Abbey, upon the finding that the testatrix did not sign the will in the presence of either of the subscribing witnesses and did not acknowledge her signature to them. The facts concerning the execution of the will are undisputed and the sole question raised by the appeal is whether this finding is sustained by the evidence. The will was prepared by an attorney some months before it was signed. It is conceded for the purposes of the appeal that the will was not signed by the testatrix in the presence of either subscribing witness, although both subscribing witnesses signed the usual attestation clause, stating that the will was signed by the testatrix in their presence, and made affidavit to the same effect at the time of the probate of the will. The sole witness on the revocation of the will was the attorney who prepared it assisted in its execution, and as executor thereof presented it for probate. He testified that on March 7, 1918, the testatrix sent for him to attend to having the will executed; that she produced the document and affixed her signature while only the two were present. The witnesses were then asked by the attorney to come into the room. "They came into the room, and I, as I remember it, held the will then, she having signed it, in my hand and said, 'Mrs. Abbey, this is your will, is it?' She said, 'Sure,' and I said, 'Do you wish these gentlemen to sign as subscribing witnesses?' She said, 'Sure I do.' They turned right near the bedside there and then they

affixed their names in her presence and in the presence of each other.'' The signature of the testatrix is on the same page as that of the subscribing witnesses, and no doubt the signature was visible to the subscribing witnesses at the time each signed the will. **[1]** The request that these persons sign the will as ''subscribing witnesses'' was in effect an acknowledgment of her signature to them, for only by signing the will in their presence, or by acknowledging the same in their presence, could they become subscribing witnesses. The word ''subscribing'' in the request is, therefore, very significant, for the word assumes that the signature appended to the will is her signature, and hence amounts to an acknowledgment of such signature as her own. Under similar circumstances, as to one witness, the other having seen the testator sign the will, it was held by the court of appeals of New York that the declaration by the testator that the instrument was his will was a sufficient acknowledgment of his signature to the same, as well as a publication of the will. (*Baskin* v. *Baskin*, 36 N. Y. 416. See, also, *Matter of Will of Phillip*, 98 N. Y. 267, and *Matter of Hunt*, 110 N. Y. 278, [18 N. E. 106]; *Matter of Akers*, 173 N. Y. 620, [66 N. E. 1103], affirming 74 App. Div. 461, 77 N. Y. Supp. 643].)

Decree reversed.

Olney, J., Lennon, J., Shaw, J., and Lawlor, J., concurred.