GEORGE H. THOMPSON, Respondent, *v.* HENRY STEVENS et al., Appellants.

(Argued June 10, 1875 ; decided June 22, 1875.)

THIS was an appeal from judgment of the General Term of the Supreme Court in the first judicial department, reversing a decree of the surrogate of the county of New York, which refused to admit to probate the will of Eliza Seastedt, deceased, and adjudging the will valid and duly executed, and establishing and directing said surrogate to record it as such.

Probate of the will was refused by the surrogate on the ground that the will was not attested and executed in the manner prescribed by law. The attestation clause to the will was in the usual form, and was signed by three witnesses. The evidence was, in substance, that the will was drawn by one of the witnesses at the request of the testator, she giving all the instructions as to what disposition of her

property she desired. She spoke of the necessity of witnesses, and went out and returned with one whom she had requested so to act. After the will was drawn, it was read to her by the draughtsman in the presence of the witness the testator brought in. She then took it and read it herself, and pronounced it all right. They all went with the will into another room where the other witness was, who read the will aloud; after the reading, the testator pronounced it correct, signed it in the presence of all, handed it to the one who drew it, with a request that he witness it; then said, in the presence and hearing of all, that the one she had brought in would be a witness to it, and requested him to sign it, which he did. The other witness was told in her presence that he was needed to sign as a witness, which he did. *Held*, that the evidence showed a sufficient declaration and request, and a substantial compliance with the statute. (*Brinckerhoof* v. *Remsen*, 8 Paige, 488; S. C., 26 Wend., 325; *Gilbert* v. *Knox*, 52 N. Y., 125; *Peck* v. *Cary*, 27 id., 9; *Coffin* v. *Coffin*, 23 id., 9.)

It was claimed by appellants' counsel that the General Term had not the power to adjudge that the will be admitted to probate, but should have sent the case to a jury for trial. *Held*, that as there was no dispute as to the facts, and no difference between the surrogate and the General Term as to them, but only as to the legal effect thereof, the reversal was upon a question of law simply, and therefore the judgment of the General Term was proper.

*William O. Bartlett* for the appellants.

*Augustus Van Wyck* for the respondent.

FOLGER, J., reads for affirmance.
All concur.
Judgment affirmed.