In the Matter of the Petition to revoke the Probate of the Will of LEWIS S. PHILLIPS, deceased.

Where a testator exhibited his will, and his signature attached thereto, to two persons, whom he requested to sign as subscribing witnesses, at the same time declaring the instrument to be his last will and testament, and the witnesses, in his presence, and with the intention of becoming attesting witnesses, signed their names beneath that of the testator, with the word "witnesses" opposite their names. *Held,* that this was a sufficient execution and attestation of the will to authorize its admission to probate, although there was no attestation clause, and the residence of each witness was not written opposite his name.

Also *held,* that there was a sufficient compliance with the statute, where, as in the case of one of the witnesses, he had commenced to sign as a witness to the instrument without knowing it was a will, and before he completed his signature the testator made the necessary declaration and acknowledgment, and thereupon the witness completed his signature as an attesting witness.

(Argued January 20, 1885 ; decided March 3, 1885.)

Appeal from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made June 17, 1884, which affirmed an order of the surrogate of the county of Onondaga denying an application to revoke the probate of the will of Lewis S. Phillips, deceased.

The facts, so far as material, are stated in the opinion.

*Samuel Hand* for appellants. To make a valid will, the statute requires it shall be signed at the end by the testator in the presence of each of the attesting witnesses, or acknowledged by the testator to have been so signed to each of them, and a the time of the making such subscription or of acknowledging the same, he shall declare it to be his last will and testamentt At least two attesting witnesses are required, each of whom shall sign his name at the end of the will, at the request of the testator. (2 R. S. [7th ed.] 61, § 40 ; 3 id. 2285.] The power to dispose of property by will is neither a natural nor a constitutional right, but depends wholly upon the statute, and may be conferred, taken away, limited or regulated. (*Brettun* v. *Fox,* 100 Mass. 235.) Every one of the requisites of the statute is to be regarded as essential as another, and there must be a concurrence of all to give validity to the act. (*In re Will of Hewitt,* 91 N. Y. 263.) The fact that the alleged will was written by the testator has no bearing in respondent's favor upon the question of its due execution. (*In re Will of O'Niel,* 91 N. Y. 520; *Vernon* v. *Spencer,* 3 Brad., Sr., 30; *Mitchell* v. *Mitchell,* 16 Hun, 97; *Sisters of Charity* v. *Kelly,* 67 N. Y. 410; *Lewis* v. *Lewis,* 11 id. 220.) In this case the witnesses not being together, there must be shown a full compliance with the statute before each witness.

(*Seymour* v. *Van Wyck*, 6 N. Y. 120.) If the will is not signed in the presence of the witnesses, the signature must be shown to them and verified and recognized by the party, and in some apt and proper manner acknowledged by him as his signature. (*Lewis* v. *Lewis*, 11 N. Y. 223 ; *Mitchell* v. *Mitchell*, 77 id. 596 ; 16 Hun, 97 ; *Ludlow* v. *Ludlow*, 35 N. J. Eq. 480.) The testator must sign or acknowledge his signature before either of the witnesses sign, or the will is not legally executed. (*Jackson* v. *Jackson*, 39 N. Y. 161 ; *Sisters, etc.*, v. *Kelly*, 67 id. 410 ; 1 Jarm. on Wills [5th ed.], 110 ; *In re Alding*, 2 Curtiss, 865 ; *In re Byrd*, 3 id. 117, 648 ; *Charlton* v. *Hardmarth*, 1 Sw. & Tr. 433 ; *S. C.*, 8 H. of L. 160.) The testator's signature must be acknowledged before either of the witnesses sign. (1 Jarm. on Wills [R. & T. ed.], 254 ; *Chase* v. *Kitridge*, 11 Allen, 49.) The witness Beach cannot be held to be an attesting witness to the propounded will. (*In re Wilson*, L. R., 1 P. & M. 269 ; 1 Jarm. on Wills [R. & T. ed.], 218 ; 2 Greenl. on Ev. 691 ; Redfield's Surrogates [2d ed.], 164 ; *Ex parte Le Roy*, 3 Bradf. 227 ; *Roberts* v. *Welde*, 46 Verd. 169 ; *Goods of Maddock*, 3 Pro. & Div. 169 ; *Winslow's Estate*, Myrick's Prob., Cal. 124, cited in U. S. Dig. [N. S.] 1880, p. 887.) If a testamentary paper be imperfect, either in itself or in the testator's apprehension of it, it can only be entitled to probate on proof being furnished of his having been prevented by what is technically called the " act of God " from completing it. (*Beatty* v. *Beatty*, 1 Ad. Eccl. 158 ; *In re Goods of Naswarby*, 11 Jur. [N. S.] 570.) As there is no attestation clause to the propounded will, no legality of execution can be presumed ; it must be proved affirmatively as to every point. (*Chaffee* v. *Baptist Mis. Co.*, 10 Paige, 85 ; *Collier* v. *Idley's Ex.*, 1 Bradf. 94.) It is for the proponents to make satisfactory proof of the *factum* of an alleged will, and if the proof comes short of conviction, the paper offered may not be admitted to probate. (*Howland* v. *Taylor*, 53 N. Y. 627 ; *Will of Kellum*, 52 id. 517 ; *Tarrant* v. *Ware*, 25 id. 425 ; Redfield [2d ed.], 160.) The law prefers the heir to the widow (*Quinn* v. *Hardenbrook*, 54 N. Y. 86), those of the blood, to strangers. (*Wood* v. *Mitcham*, 92 N. Y. 375.)

*Isaac D. Garfield* for respondent. The testator drew the will himself, and it cannot be claimed that he was deceived or executed it in the belief that it was an instrument of a different character. (*Trustees, etc.* v. *Calhoun*, 25 N. Y. 422.) The only purpose of requiring the declaration of the testator that the instrument is his will is to make it certain that he is not procured to execute a will under the supposition that it is some other kind of an instrument. (*Trustees, etc.* v. *Calhoun*, 25 N. Y. 422.) It is not necessary that the testator should have signed in the presence of the witnesses, or of either of them, nor that the witnesses should have signed in the presence of each other. (3 R. S. [7th ed.] 2285 ; *Hoysradt* v. *Hoysradt*, 22 N. Y. 373 ; *Willis* v. *Mott*, 36 id. 486.) It is sufficient if the testator sign, and then in the presence of each witness declare it to be his last will and testament, and acknowledge its execution. (*Baskin* v. *Baskin*, 48 Barb. 200, affirmed in 36 N. Y. 416 ; *Willis* v. *Mott*, id. 486.) The presentation of a will to a witness signed, the signature being visible to the witness, with an acknowledgment that the instrument is the will of the testator, is an acknowledgment of the signature. (*In re Higgins*, 94 N. Y. 557 ; *Gage* v. *Gage*, 3 Curteis, 451 ; *Blake* v. *Blake*, id. 547 ; *Robinson* v. *Smith*, 13 Abb. Pr. 359; *Baskin* v. *Baskin*, 36 N. Y. 416 ; *Willis* v. *Mott*, id. 486 ; *Jauncey* v. *Thorn*, 2 Barb. Ch. 40 ; *Conboy* v. *Jennings*, 1 N. Y. Sup. Ct. 632 ; *Matter of Kellum*, 52 N. Y. 517 ; 1 Williams on Executors [6th Am. ed.], 117; *McMillen* v. *McMillen*, 13 Weekly Dig. 350 ; *Butler* v. *Benson*, 1 Barb. 526 ; *Nelson* v. *McGiffert*, 3 Barb. Ch. 158; *Coffin* v. *Coffin*, 23 N. Y. 9; *Hoysradt* v. *Kingman*, 22 id. 372.) While the statute requires the signature of the testator to be made before that of the witness, no good reason exists why any of the other acts should be done in any particular order. Mere want of recollection of one of the attesting witnesses cannot have any material weight against the clear and positive testimony of the other witness. (*In re Pepson's Will*, 91 N. Y. 255; *Rugg* v. *Rugg*, 83 id. 592; *Brown* v. *Clark*, 77 id. 369; *In re Goods of Holgate*, 1 Sw. & Tr. 261; *Neihelsell*

v. *Toerge*, 4 Redf. 325 ; *Tarrant* v. *Ware*, 25 N. Y. 423 ; *Humphrey's Estate*, 1 Tuck. 142 ; 1 Williams on Executors [6th Am. ed.], 135 ; Code, § 2620 ; *Lawrence* v. *Norton*, 45 Barb. 448 ; *Neir* v. *Fitzgerald*, 2 Bradf. 71 ; *Lawyer* v. *Smith*, 8 Mich. 411 ; *Dean* v. *Dean*, 27 Vt. 746 ; *Kirk* v. *Carr*, 54 Penn. St. 285 ; *Orser* v. *Orser*, 24 N. Y. 53.) It is entirely immaterial in what order the transaction was had. It is enough if all the essentials were had at the same time — on the same occasion. (*Doe* v. *Roe*, 2 Barb. 200 ; *Keeney* v. *Whitmarsh*, 16 id. 145 ; *Gamble* v. *Gamble*, 39 id. 373 ; *Jackson* v. *Jackson*, 39 N. Y. 153 ; 5 Bradf. 20.) The theory of the appellant, that an execution of the will is defective on account of the failure of one of the witnesses to write the place of his residence, cannot be sustained. (1 R. S. [7th ed.] 2286 ; *White* v. *Trustees*, 6 Bing. 318 ; *Hindmarsh* v. *Charlton*, 8 H. L. C. 161 ; 6 Bing. 318 ; L. R., 3 Pro. & Div. 169 ; *Jackson* v. *Jackson*, 39 N. Y. 187 ; *Clapp* v. *Fullerton*, id. 197.)

RAPALLO, J.  The will in question in this case was a very brief and simple instrument, drawn wholly in the testator's own hand, and, including the signatures of the testator and the witnesses, was contained on a single page, so that the signature of the testator was necessarily exposed plainly to the subscribing witnesses, whose signatures were immediately below that of the testator. There was no attestation clause, but on the left side of the page, and below where the testator's signature was written, was a space evidently intended for the signatures of the witnesses, inclosed in a bracket, opposite the center of which was written in the testator's hand the word " witnesses." The names of three witnesses were written in this space to the left of the bracket.  The original will was produced on the argument of this appeal, and the date and signatures appeared in the following form :

" Dated, this 26 day of February, 1879.

"LEWIS S. PHILLIPS.

" JAMES A. SKINNER, ⎫
" WM. A. BEACH,      ⎬ *Witnesses.*"
" JOHN B. STRANT,    ⎭

Only two of these witnesses, viz. : James A. Skinner and Wm. A. Beach, were examined before the surrogate. ·

It is conceded by the appellants that the testimony of Skinner, on his direct examination, was sufficient to show a compliance before him, with the requirements of the statute. It was contended, at the General Term, that sufficient was shown on his cross-examination to cast discredit upon the statement made on his direct, but on this appeal we are limited to the review of questions of law, and the facts are not open to examination. It is enough to say that, taking his whole testimony together, it was quite sufficient to authorize the findings of the surrogate.

The only material points in the case arise upon the testimony of Wm. A. Beach. He was a practicing lawyer, well acquainted with the testator, and knew his handwriting. He testified that while he was in his office engaged in writing, the testator entered and said he had a paper which he desired him to witness. That the testator produced it and laid it in front of witness, on the table, as witness was writing. That witness commenced writing his name, and while witness was writing his name, the testator told him that it was his last will and testament, and that he wanted witness to sign his name as a witness. That witness then stopped, and a conversation ensued in which witness expressed the opinion that the instrument was informally drawn, and advised him to have it re-drawn, the principal objection being, that it had no attestation clause. The testator said he had no fears of it, having drawn it himself from the will of some other person, whom he named. A discussion of some length seems to have taken place at that time, which it is not necessary to repeat. The witness was then asked: "Q. When did you finish your signature? A. When he had finished talking. Q. After he had told you what it was? A. Yes, sir. Q. Was his name signed at the time? A. It was." The witness further testified that after he had signed the will, the testator put it in his pocket. And after some further conversation, the testator left the room.

On the cross-examination of this witness, he was questioned

as to the reason of his not having added his place of residence to his signature, and the effort was made to show that he did not regard the attestation as concluded, and had the impression that, on account of the criticisms he had made, the testator intended to have the will re-drawn. The testimony on this point is by no means clear, and the surrogate found as matter of fact that after the will had been attested by the witness Skinner, the testator took the will to the office of the witness William A. Beach, produced the will, laid it in front of him on the table, with his signature visible on the face of it, told Beach it was his last will and testament, and that he wanted him to sign his name as a witness, and that Mr. Beach did then and there subscribe his name as a witness to said will, and with the intention of becoming an attesting witness thereto, in the presence of the testator; and the surrogate refused to find as requested by the appellants, that at the time the testator took the will from Mr. Beach's office, he did not regard it as a completed will, or that Beach did not then think that the testator regarded the same as an executed will, but supposed he intended to have it re-drawn.

We think the evidence fully capable of the construction put upon it by the learned surrogate, and that no legal error existed in his findings.

The exhibition of the will and of the testator's signature attached thereto, and his declaration to the witness that it was his last will and testament, and his request to the witness to attest the same, were, we think, a sufficient acknowledgment of the signature and publication of the will, and the finding that these acts were done before the witness had completed his signature as a subscribing witness, is sufficiently sustained by the evidence. The statute is, in our judgment, complied with if the declaration and acknowledgment are simultaneous with the signature of the witness, and certainly if those acts are all done before the witness has completed his signature as an attesting witness, and on the same occasion. The effort to show that the attestation was not completed because the witness omitted to add to his signature his place of residence was, we think,

unsuccessful, and, taking his whole evidence together, we think it was sufficient to authorize the surrogate to find, as he did, that there was a complete execution and attestation of the will.

The judgment should be affirmed, with costs to be paid by the appellants.

All concur, except RUGER, Ch. J., not voting.

Judgment affirmed.