In the Matter of the Probate of the Last Will and Testament of
HELENE DEGEN, Deceased.

JOACHIM FREDERICK ROTHGART, Appellant; HUGH MCNEILE,
Respondent

*Contested probate of will — use of a certificate made by physicians previous to the
execution of the will — what will warrant the reversal of the decree.*

In a contest over the probate of a will it is not prejudicial to the contestant to
permit doctors, who examined the testator long previous to the making of the
will, to look at a certificate they had made, they having testified to their present
recollection.

To warrant a reversal upon an appeal from a decree admitting a will to probate
after a contest, the error alleged must appear to have prejudiced the appellant.

APPEAL by Joachim Frederick Rothgart, one of the heirs and
next of kin of Helene Degen, deceased, from a decree of the Surro-
gate's Court of the county of Kings, entered in said Surrogate's
Court on the 24th day of February, 1892, admitting the will of
Helene Degen to probate.

*Charles J. Patterson,* for the contestant, appellant.

*Bernard J. Douras* and *Henry Thompson,* for the proponent,
respondent.

PRATT, J.:

This is an appeal from a decree of the surrogate of Kings county
admitting to probate the will of Helene Degen, deceased, etc.

An examination of the evidence satisfies us that the conclusions
of fact found by the surrogate are fully sustained by the evidence,
and that the will was properly admitted to probate.

It is true there was some conflict in the testimony, yet a clear
preponderance seems to be in favor of the proponent; besides, the
surrogate had the advantage of seeing the witnesses and hearing
them testify, and was thus better able to judge of the credibility of
witnesses than an appellate court. Neither do we discover any error
in the rulings of the surrogate upon the trial. There was no merit
in the point that the witnesses did not subscribe the will in the pres-
ence of the testatrix. (*Matter of Will of Phillips,* 98 N. Y. 267.)

It was not prejudicial to the contestant to permit the doctors, who examined the testatrix long previous to the making of the will, to wit, August 20, 1890, to look at the certificate they had made, as they testified to their present recollection. The rule is that in appeals of this kind the error must appear to have prejudiced the appellant to warrant a reversal. (Code Civ. Proc. § 2545; *Matter of Smith*, 95 N. Y. 516.)

I do not think this case can be properly classed as doubtful.

The judgment must be affirmed.

BROWN, P. J., and DYKMAN, J., concurred.

Decree of surrogate affirmed, with costs.