(Surrogate's Court, New York County. February, 1903.)

1. WILLS—EXECUTION.

　　2 Rev. St. (1st Ed.) pt. 2, c. 6, tit. 1, p. 63, § 40, relating to the execution of wills, does not require that the acknowledgment of the testator or his declaration shall be made to both witnesses at the same time, or that they should sign in the presence of each other.

In the matter of the probate of the will of Henry Diefenthaler. Probate decreed.

Edward F. Hassey, for proponent.
Denis Quinn, special guardian, for respondent.

THOMAS, S. The paper propounded for probate bears the signatures of the decedent and two subscribing witnesses. One witness testifies that he drafted the instrument in accordance with instructions of the decedent, who subscribed it in his presence, and declared it to be his will, and requested him to sign as a witness, which he thereupon did. No other person was present at that time. The other witness testifies that a few days after the paper had been signed by the decedent he met the decedent in the place of business of the first witness. The paper was then taken from a safe, bearing the two signatures of the decedent and the first witness. The decedent then acknowledged his signature, and declared the paper to be his will, and requested the second witness to sign, which he did. As to these facts there is absolutely no contradiction, and, assuming them to be true, the will was sufficiently executed, under the requirements of our statute. It was subscribed by the testator at its end, and such subscription was "acknowledged by him to have been so made to each of the attesting witnesses." The testator, at the time of acknowledging the same, declared the instrument so subscribed to be his last will and testament,

and there were at least two attesting witnesses, each of whom signed his name as a witness at the end of the will, at the request of the testator. 2 Rev. St. (1st Ed.) pt. 2, c. 6, tit. 1, p. 63, § 40. Our statute does not require that the acknowledgment of the testator or his declaration shall be made to both witnesses at the same time, or that they shall sign in the presence of each other. Hoysradt v. Kingman, 22 N. Y. 372; Willis v. Mott, 36 N. Y. 486; Matter of Carey's Will, 14 Misc. Rep. 486, 490, 36 N. Y. Supp. 817; Barry v. Brown, 2 Dem. Sur. 309; Lyman v. Phillips, 3 Dem. Sur. 459, affirmed sub nom. Phillips' Will v. Phelps, 34 Hun, 627, affirmed in Re Phillips, 98 N. Y. 267. The second witness testifies that the first witness was present when the paper was shown to him and when he signed; that he took it from the safe, and returned it to the safe. The first witness does not remember this, but refuses to say that it may not be true. He does remember that he knew the second witness had signed, and that he found his signature on the instrument when he took it from his safe after the death of the decedent; but it is his recollection that he was told of such signing, and was not present when it was done. I think it probable that the second witness remembers the facts with accuracy, and will so find; but it is entirely immaterial as to whether the one version or the other is the correct one.

It is not questioned that the decedent was of sound mind, and free from restraint. The propounded paper declares his wishes, it was duly attested, and must be admitted to probate.

Probate decreed.