Code of Civil Procedure, directed the examination to proceed (Matter of Gick, 113 App. Div. 16, 98 N. Y. Supp. 961), and the same has been concluded.

The power of the surrogate to direct the delivery of property must be exercised with great care. He should not make an order adverse to a party cited, unless it conclusively appears as a matter of law, from the evidence produced, that his claim or title is not well founded. Matter of Gick, supra. From the examination had herein, it appears that there are questions of fact involved affecting the petitioner's right to possession, which the surrogate cannot determine without the consent of the parties. Code Civ. Pro. § 2710; Matter of McGee, 63 Misc. Rep. 494, 118 N. Y. Supp. 423; Matter of Kellogg, 72 Misc. Rep. 303, 131 N. Y. Supp. 203. The respondent having refused to consent to the determination of this matter by the surrogate, it must, under the circumstances here present, end, and the petitioner must seek some other forum having jurisdiction to decide upon the merits, which, under the circumstances, I have no power to do. The proceeding is therefore dismissed, but not upon the merits, and without costs. Settle order accordingly on two days' notice.

Decreed accordingly.

---

(85 Misc. Rep. 628)

### In re HARTY'S ESTATE.

#### (Surrogate's Court, Erie County. May, 1914.)

WILLS (§ 303*)—SUBSCRIBING WITNESSES.

Where neither of the subscribing witnesses saw testatrix sign the will, and one of them does not know whether he saw her signature thereto, and the other, after three years, signed the will as a witness, probate will be denied.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 711–723; Dec. Dig. § 303.*]

In the matter of the probate of the will of Jeanette A. Harty. Probate denied.

John E. Selkirk, of Buffalo (Wm. D. Van Pelt, of Buffalo, of counsel), for petitioner.

Charles J. Stickney, special guardian.

HART, S. The document offered for probate is a typewritten paper prepared by a minister, at the request of the testatrix, and is in the general manner and form of a will, containing legacies, bequests, and the nomination of an executor. The proposed will was drawn some time during the month of January, 1911, and delivered to decedent; it was signed by testatrix, and at her request James Anderson signed as a witness on February 2, 1911. On November 15, 1913, Roswell Jeffreys was called to the home of testatrix, and at her request signed the will in question as a witness, after a lapse of nearly three years. Neither witness saw testatrix sign her name, and the witness Anderson is not positive as to whether or not he observed her signature.

That the decedent signed her name to the instrument offered for probate before it was presented to either of the witnesses I have little doubt, and the only question to determine is whether the execution and publication complied with the statute. The mere fact that the testatrix intended this paper to be treated as a will, and that it contained an expression of her desire as to the distribution of her property, is not of itself sufficient.

To entitle a testamentary paper to be admitted to probate, certain facts in reference to the mode of execution, publication, and attestation are required by statute to be shown. There is nothing in the statute requiring the witnesses to subscribe their names in the presence of each other, nor is there any direct provision as to when the witnesses shall sign the will. The courts have been most liberal in their attitude relating to the execution of wills and have allowed considerable latitude in their endeavor to carry out the intention and purpose of misinformed, ignorant, and careless testators. The execution of a last will and testament is a solemn and formal act. The process is of somewhat technical character, properly regulated by statute, to safeguard the interests of the decedent, and should seldom be attempted, except in the presence or under the guidance of some person familiar with the law.

Having in mind the liberal construction already applied by the courts to the statute of wills, I am of the opinion that the instrument presented for probate does not comply with the statutory requirements because of the violation of an essential fundamental principle. The signing or acknowledgment by the testator, and the publication and the attestation of the witnesses, must be successive, continuous, and contemporaneous acts, and the lapse of over two years after the instrument was signed by one witness before it was signed by the other, exceeds all reasonable limitations.

Probate is therefore denied, and a decree may enter accordingly.

Probate denied.