In the Matter of the Estate of GRACE A. CARDWELL, Deceased.

Surrogate's Court, Kings County, August 6, 1941.

*Snedeker & Snedeker* [*Richards Mott Cahoone* and *Leonard N. Snedeker* of counsel], for Robert Morgan Parker, petitioner.

*Ludwig M. Wilson* [*Louis Feinberg* of counsel], for Herbert G. Parker, objectant.

WINGATE, S.   This is one of the type of litigations which gave rise to the aphorism that "hard cases make bad law." The hope may be expressed that despite the obvious difficulty of the situation, the court may escape the frequently attendant evil result.

The propounded document is written in the handwriting of the testatrix on two letter sheets of paper which, at the time they were filed in this court, were in no way physically attached to each other. They were found in her safe deposit box in an envelope bearing a

subscription in her handwriting, " November 20, 1933, last will and testament of Grace A. Cardwell." Testimony was adduced from that eminent authority on questioned documents, Mr. Albert S. Osborne, that the entire instrument with the exception of the signature of the testatrix, those of the witnesses and the date, was all written with the same ink as a continuous operation and a lay inspection tends to corroborate this view. These circumstances appear to furnish at least that " slight evidence of * * * integration " of the two parts of the document which is sufficient in this connection. (*Matter of Allen*, 282 N. Y. 492, 497.)

This issue, whereas urged by the contestant, was subordinated to that of whether or not the document as a whole had been validly executed as required by section 21 of the Decedent Estate Law, attack in this regard being centered on that prerequisite to validity which specifies that the subscription of the testator must either be made in the presence of each witness or be acknowledged by him to each witness. The other requirements of the section were amply demonstrated. The document was signed by the testatrix and by two witnesses at its end. The latter were requested so to do by the testatrix and, at the time, she declared the document to be her will.

Whether the document was signed by the testatrix in the presence of both witnesses, or her signature was acknowledged by her to them, is, accordingly, the sole issue of the case. In his attempted proof on this score, the proponent was subjected to somewhat unusual handicaps. One of the subscribing witnesses was dead. The other was a lady of sixty-eight years, whose physical condition was such as to require the issuance of a commission to take her testimony. Approximately seven and a half years had expired between the date of the transaction and the taking of her deposition, and this apparently affected her recollection respecting the events which transpired. Nevertheless she categorically stated that she did not see the testatrix subscribe her name to the instrument; that she did not see the signature on the instrument, and that the decedent did not acknowledge or declare that she had signed it except to say that the instrument was her will. This, in substance, was the case for the contestants on this vital issue.

On behalf of the proponents, it was proved that the testatrix " was a very clever woman;" was not forgetful; that she was especially concerned to see to it that her husband (to whom the will left substantially everything) should receive her property, and that at some time prior to the drawing of the document she had induced a lawyer friend to call upon her and had made extensive notes of his instructions respecting the manner of drawing and proper execution of a will. The third page of these instructions

contains the following notation: " The will must be *subscribed* by the testator or testatrix in the *presence* of two witnesses, who at the *request* of the testator, and in *his* presence and in the presence of each other must sign as attesting witnesses, with *addresses*. The will at the time must be declared to be such by the testator." Finally, Mr. Osborne testified that, in his opinion, the signatures of the testatrix and of the two witnesses and the date were all written by the same pen. An inspection of the document makes it obvious that these were written with an ink differing from that of the body of the instrument and that used for all three signatures appears to be the same.

The task of weighing the relative probative values of these two demonstrations is not easy. On the one hand is the categorical statement of the sole surviving witness that the document was not signed in her presence or the signature acknowledged to her. On the other is the circumstantial evidence that this testimony is incorrect fortified by the improbability of its correctness.

It is, of course, elementary that in various situations including those where " a subscribing witness * * * testifies against the execution of the will * * * the will may nevertheless be established, upon proof of the handwriting of the testator, and of the subscribing witnesses, and also of such other circumstances as would be sufficient to prove the will upon the trial of an action." (Surr. Ct. Act, § 142; *Matter of Price*, 254 App. Div. 477; affd., 279 N. Y. 700.) " No Procrustean standard has been erected into which every testament's proof of due execution must fit or else be judged invalid." (*Matter of Ewen*, 206 App. Div. 198, 201.) " In determining whether or not the will had been duly executed, the surrogate was not confined to the spoken word of the witnesses. He had a right to look to the surrounding circumstances and to the substance of the transaction, and from it all to say whether or not the will had been duly executed." (*Matter of Dybalski*, 199 App. Div. 677, 680; affd., 234 N. Y. 510.)

When the deposition of the subscribing witness is read as a whole, it seems apparent that her memory of the entire transaction was hazy. Such phrases as " I don't remember," " I suppose," " I could not say," " I guess," " I expect he was," appear repeatedly in her testimony. In view of this fact and of the affirmative demonstration noted, it is the opinion of the court that the preponderance of indication supports the position that in the single particular in respect of which an issue exists, the testatrix complied with the statutory requirements of execution as she did in all other respects. Possessing this conviction, it becomes the duty of the court to admit the propounded instrument to probate, and this will be decreed.

Enter decree on notice in conformity herewith.