John J. Dillon, S.
Presented for probate is a holographic instrument in ink consisting of three pages. It does not have an attestation clause. At the bottom of page 2 thereof, testatrix gave Adeline Willenborg a legacy for the sum of $500, which amount has been delineated in pencil and the sum of “ $1000. one 1000 ” added in pencil. On the top of page 3 the phrase “ Adeline Willenborg $300.” has been stricken out in ink. At the bottom of page 3 the signatures of two witnesses appear. No evidence has been presented as to the time the changes *420 hereinabove described took place. Testimony reveals that the signature of one witness “ Marion S. Mead ” was affixed about a year after the document was executed by the testatrix and attested to by the other witness.
The question arises as to whether the stated interval of time between the two attestations renders the execution of the instrument improper. The court is of the opinion that it does not. An examination of the language of section 21 of the Decedent Estate Law reveals no time limit within which the will must be witnessed. While it is true that the execution of a will is generally a continuous act, the court finds no requirement that it must be. The only authority found to be in some conflict with the court’s position is the decision in Matter of Harty (85 Misc. 628) by the Surrogate of Erie County in which he determined the lapse of over two years between attestations required a denial of probate. He stated (p. 630): “ Having in mind the liberal construction already applied by the courts to the Statute of Wills, I am of the opinion that the instrument presented for probate does not comply with the statutory requirements because of the violation of an essential fundamental principle; the signing or acknowledgment by the testator, the publication and the attestation of the witnesses must be successive, continuous and contemporaneous acts, and the lapse of over two years after the instrument was signed by one witness before it was signed by the other exceeds all reasonable limitations. ’ ’
It is arguable that the case at bar may be distinguished in that a period of one year does not violate the test of “ reasonable limitation ” laid down in Matter of Harty (supra). However, this court is unable to find any authority in the statute, or in the cases hereinafter cited, for the position taken by the Surrogate of Erie County. The leading case on this subject is Hoysradt v. Kingman (22 N. Y. 372) wherein the court analyzed the problem at great length. While in the latter case the lapsed time between attestations was a relative short period, the court favorably cited the English ease of White v. Trustee of British Museum (6 Bing. 310) in which there was an interval of two months between attestations. (See, also, Matter of Maylone, 93 N. Y. S. 2d 828; Matter of Diefenthaler, 39 Misc. 765.) In the absence of specific statutory prohibition, this court is reluctant to deny probate to an instrument written in decedent’s own handwriting, with all other requirements of due execution present, solely because of an interval of about a year between attestations.
With respect to the pencilled alteration on the bottom of page 2, which increased the legacy to Adeline Willenborg from $500 *421 to $1,000, the burden was upon the said legatee to prove that the change was made prior to the execution of the will rather than after. (Wetmore v. Carryl, 5 Redf. 544; Matter of Ross, 177 App. Div. 719.) There has been no such evidence adduced here. Also a finding that such change was made after the execution of the will is strengthened by the fact that the change was made in pencil whereas the entire will was written in ink. Under the facts herein, therefore, the court determines that the said change on page 2 postdated the execution of the will, and having been unwitnessed and unattested and therefore not having been executed with the formality required of a will, is wholly ineffective. (Decedent Estate Law, §§ 21, 34; Matter of Tremain, 282 N. Y. 485.) The court is of the opinion that the change on page 3 thereof was made by testatrix prior to execution for the delineation appears to be with the same ink. Also, the text of the lined portion indicates the testatrix to have repeated in error an earlier bequest.
It appearing to the satisfaction of the Surrogate that the paper writing dated June 4, 1956 was duly executed in the manner required by section 21 of the Decedent Estate Law and that the decedent was not at the time of execution acting under restraint, it is admitted to probate in its original form but omitting the change made in ink (with the result that the legacy to Adeline Willenborg is $500), as the last will and testament of this decedent valid to pass both real and personal property.
Submit decree reciting at length the provisions of the instrument being admitted to probate, as hereinabove determined.