Joseph A. Cox, S.
Inquiry was initiated by the court, pursuant to the provisions of section 144 of the Surrogate’s Court Act, into the facts and circumstances surrounding the execution of a holographic testamentary instrument dated August 26, 1957, purportedly signed by the testator and witnessed by three persons, which has been offered for probate. No objections were interposed to its admission to probate.
*66 The instrument consists of three unattached sheets of paper of the same kind, written front and back of each sheet, each side numbered page No. 1, page No. la, page No. 2, page No. 2a, page No. 3 and page No. 3a, respectively. The date August 26, 1957 appears at the top of page No. 1, the same date appears following the signature of the testator on page No. 3a, and thereafter there appear the signatures and addresses of the three witnesses, designated in testator’s handwriting as witness No. 1, witness No. 2 and witness No. 3, with the word “ address ” below each designation. The various paragraphs of the text of the instrument are numbered consecutively, and the language and paragraphing follow connectedly from page to page.
The three subscribing witnesses were associated with the testator in business. One was his brother. Bach of the signatures of the three witnesses was affixed to the propounded instrument on a separate occasion and not in the presence of the other two witnesses. In each instance the testator requested the witness to sign a paper, identifying it in the case of witness No. 2 and witness No. 3 as his will. None of the witnesses saw testator affix his signature to the paper, nor did he acknowledge his signature to them. Each of the witnesses was thoroughly familiar with testator’s signature and recognized it on the paper at the time they subscribed their names and addresses, and each of the witnesses testified that there was more than one page to the instrument they witnessed.
The testimony of the witnesses established that their respective signatures were placed on the instrument within a period of three months at most of its date. This testimony, combined with the physical characteristics and the numerical and linguistic continuity of the paragraphs and pages of the instrument, satisfy the court that it is in the same physical condition as it was when the testator and each of the witnesses signed it. (Matter of Field, 204 N. Y. 448; Matter of Cardwell, 176 Misc. 1059.)
Section 21 of the Decedent Estate Law makes no requirement that the act of testamentation be simultaneous. Although the lapse of two years was held to exceed reasonable limitations (Matter of Harty, 85 Misc. 628) it has been held that if each of the witnesses signed within a reasonable period after testator signed, the propounded paper has been properly executed. (Hoysradt v. Kingman, 22 N. Y. 372; Matter of Diefenthaler, 39 Misc. 765.) In the instant case, the complete execution within a maximum period of three months does not, in the opinion of the court, constitute so long a period as to warrant denial of *67 probate. (Matter of Roe, 82 Misc. 565; Matter of Willenborg, 16 Misc 2d 419.)
The decedent’s request to the subscribing witnesses to sign the instrument which he declared to two of them to be his will and upon which his signature was clearly visible constituted sufficient acknowledgment within the meaning of subdivision 2 of section 21 of the Decedent Estate Law. (Baskin v. Baskin, 36 N. Y. 416; Matter of Marley, 140 App. Div. 823; Matter of Dodds, 268 App. Div. 811, affd. 294 N. Y. 706.) In Matter of Marley (supra, p. 826) the court stated: “Where a testator produces a previously signed will, and particularly a holographic will, and requests the witnesses to attest it as his last will and testament, and especially if they observe and recognize his signature, there is a sufficient acknowledgment of such signature and subscription by him.”
In all the circumstances, the court is satisfied that the propounded instrument was executed in accordance with the requirements of section 21 of the Decedent Estate Law. The competency of the testator to make a will and his freedom from restraint having been established by all three witnesses, a decree admitting the propounded instrument to probate may be submitted on notice.