OPINION OF THE COURT
Lee L. Holzman, J.
In this uncontested probate proceeding, the primary issue is whether the "within one thirty day period” for the completion of the will ceremony prescribed by EPTL 3-2.1 (a) (4) commences on the date of the signature or the date of the first acknowledgment where the testator has signed the will prior to any acknowledgment of his signature. Although this appears to be a case of first impression, a literal reading of the statute coupled with its legislative history clearly indicates *507 that the period does not commence until the first acknowledgment.
The propounded instrument is dated May 5, 1987. Decedent died on August 1, 1987. Two of the attesting witnesses executed their depositions in the Probate Department of the court. Each of them indicated that the other witnesses were not present when deponent signed the will as a witness and neither witness could pinpoint the date on which he or she had signed the will. One of the witnesses stated, "I do not know when I signed the will but I believe it may have been in July.” Their depositions raised serious questions not only as to whether more than 30 days had elapsed between the date that decedent had signed the will and the date that her signature was acknowledged to the second witness but also as to whether more than 30 days had elapsed between the acknowledgment of decedent’s signature to the first and second witness. Inasmuch as probate of a will may not be allowed unless the court is satisfied as to the validity of its execution (SCPA 1408), the matter was referred to the principal law assistant to take testimony.
Two attesting witnesses and proponent testified. Proponent stated that, at the request of the decedent, on March 31, 1987 he delivered from a law firm to the decedent the will together with instructions for its execution. On the Saturday before Memorial Day, decedent returned the executed will.
One of the attesting witnesses was positive that she was the first witness to whom decedent’s signature was acknowledged. This occurred in May 1987, most likely a weekday, perhaps on a Wednesday. The other witness who testified had to be subpoenaed. Although he had previously indicated that he did not "believe” that he had witnessed the will before July 1987, he now testified that "I have no recollection when I signed the will, but if they are stating that they saw my signature in early May on that will it very well is possible that I signed it” then.
Based upon the entire record, the court is satisfied that decedent signed the will sometime between March 31, 1987 and the latter part of May 1987, probably on May 5, 1987, the date inserted in the will. The court is also satisfied that, after she signed the will, she acknowledged her signature to at least two witnesses in May 1987 who then affixed their signatures.
EPTL 3-2.1 (a) (4) provides as follows: "There shall be at least two attesting witnesses, who shall, within one thirty day *508 period, both attest the testator’s signature, as affixed or acknowledged in their presence, and at the request of the testator, sign their names and affix their residence addresses at the end of the will. There shall be a rebuttable presumption that the thirty day requirement of the preceding sentence has been fulfilled. The failure of a witness to affix his address shall not affect the validity of the will.”
The above provision neither directly nor by implication requires that two attesting witnesses attest the signature as acknowledged within 30 days of the date it was signed by the testatrix. Instead, in straightforward language, free of any ambiguity, it requires that the second of the two witnesses must attest the signature as acknowledged within 30 days of the date that the first attesting witness so attested. The legislative history of the provision supports its language. Prior to 1967 our law contained no time period in which the execution ceremony had to be completed and the courts wrestled with the issue of whether the execution cerepiony was completed within a reasonable time (see, Matter of Roe, 82 Misc 565; Matter of Willenborg, 16 Misc 2d 419; Matter of Knoepfler, 34 Misc 2d 65). To cure this problem, the predecessor of EPTL 3-2.1 (a) (4) was enacted. Specifically, from September 1, 1967 to September 1, 1974, EPTL 3-2.1 (c) provided that "The formalities for the execution and attestation of a will, prescribed by paragraph (a), must be completed within a period of thirty days.”
When the present provisions of EPTL 3-2.1 (a) (4) were enacted (L 1974, ch 181) the old EPTL 3-2.1 (c) was repealed. It is clear that the Legislature by deleting the word "execution” in the newly enacted subdivision (a) (4) intended to make the day the will was signed by the testator exempt from the 30-day period requirement. This conclusion is buttressed by the recommendation of the Law Revision Commission to the Legislature in support of the enactment of subdivision (a) (4) (1974 NY Legis Doc No. 65 [D]). The Commission specifically noted that the paragraph to be repealed was "ambiguous as to what formality is to begin the running of the thirty day period”. (1974 NY Legis Doc No. 65 [D], contained in 1974 McKinney’s Session Laws of NY, at 1900.) It also noted the specific problem: "When a testator acknowledges a signature previously affixed does the period run from the time of the signature or the time of the acknowledgment?” (Ibid.)
Accordingly, the court concludes that, even without using the statutory presumption, the 30-day period has been ful *509 filled, and even if decedent signed the will as early as March 31, 1987, the requirements of EPTL 3-2.1 (a) (4) have been met. The court is also satisfied that all of the other requirements have been met to entitle the will to be admitted to probate. Nevertheless, this case is one of too many to count which demonstrates that an attorney is doing a client a disservice when he or she accedes a client’s request that a will be drawn by the attorney but its execution be supervised by the client outside of the presence of an attorney.